IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RANDAL W. WRIGHT, #02374131 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv123 |
| JUDGE KERRY L. RUSSELL | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Randal W. Wright, an inmate confined in the Texas prison system, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

He is seeking to overturn his 2021 Smith County conviction for driving while intoxicated/3rd or more in Cause Number 007-1620-20. Petitioner was sentenced to forty years' incarceration in the Texas Department of Criminal Justice. He states that he took a direct appeal but does not provide any information as to any petition for discretionary review or state application for writ of habeas corpus filed.

Petitioner's original federal petition was filed on February 15, 2023.[1] (Dkt. #1). He filed his petition on a federal Motion and Questionnaire for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c), which is only applicable to federal prisoners. The Court directed Petitioner to file an

---

[1] The petition is deemed filed on February 15, 2023, in accordance with the federal "mailbox rule." *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

1

amended petition on the standard petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 form. (Dkt. #3).

He filed his amended petition for writ of habeas corpus on March 30, 2023. (Dkt. #5). Petitioner did not submit page 3 of the standard petition for writ of habeas corpus form that shows the progress of the exhaustion of his claims. Appreciating that Petitioner is preceding *pro se*, the Court reviewed the various state courts to determine whether Petitioner had exhausted his claims before presenting them to this Court.

In his petition, Petitioner asserts that: (1) he received ineffective assistance of counsel because his trial and appellate attorneys did not investigate his past driving while intoxicated convictions and if he had the money his ex-wife took, he would not be in prison; (2) the 40-year sentence was excessive because he has never injured anyone and the prosecutor lied to the judge and stereotyped him in the open plea agreement; (3) he never got a chance for a jury trial because his attorney coerced him into signing an open plea agreement by telling him that he would get 25 years or less; and (4) he needs a change of venue because he will not get a fair trial in Judge Kerry Russell's court.

Court records confirm Petitioner's statement that he took a direct appeal but did not appeal further. He raised one ground of error on direct appeal, which was that his sentence was grossly disproportionate to the offense and constituted cruel and unusual punishment. The Twelfth Judicial District Court of Appeals observed that Petitioner had been indicted for driving while intoxicated - third or more, a third-degree felony under Tex. Penal Code Ann. § 49.04 (driving while intoxicated). The indictment also contained two enhancement paragraphs alleging that Petitioner had been

convicted of two previous sequential felonies, raising the punishment range to 25 years to life. Tex. Penal Code §49.09(b)(2).

At sentencing, the prosecutor asked for a 50-year sentence, emphasizing Petitioner's 19 previous criminal convictions, including two for felony assault, two for misdemeanor DWI, family violence, and assault. On direct appeal, the appellate court rejected Petitioner's argument that his sentence was disproportionate or amounted to cruel and unusual punishment. *Wright v. State*, slip op. no. 12-21-00236-CR, 2022 Tex. App. LEXIS 5348, 2022 WL 3012440 (Tex.App.—Tyler, July 29, 2022, no pet.). No petition for discretionary review was filed.

The on-line records of the Texas Court of Criminal Appeals show that Petitioner filed a motion for extension of time to file a petition for discretionary review, which was granted, but no petition was ever filed. *Wright v. State*, PD-0441-22 (noting that the motion for extension of time was granted but no petition for discretionary review was filed) (https://search.txcourts.gov/Case.aspx?cn=PD-0441-22&coa=coscca). Petitioner also filed an application for the writ of habeas corpus, which was received in the Court of Criminal Appeals on January 3, 2022. On January 19, 2022, the petition was dismissed because Petitioner's direct appeal was still pending. *Ex Parte Wright*, WR-93,424-01 (https://search.txcourts.gov/Case.aspx?cn= WR-93,424-01&coa=coscca). These are the only proceedings which Petitioner has undertaken in the Texas Court of Criminal Appeals. Petitioner did not exhaust his state court remedies before filing a federal writ of habeas corpus. Petitioner's federal petition is premature.

Previously, Petitioner filed a federal habeas corpus petition regarding the same conviction and alleging the same claims. *Wright v. Director*, Cause No. 6:22cv354, 2022 WL 16750506 (E.D. Tex. Dec. 13, 2022) (Barker, J.). His federal petition was dismissed, without prejudice, for failure

3

to exhaust state remedies. Petitioner may not proceed in federal court until he has exhausted his state remedies.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus but need not do both. *Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004); *Bledsue v. Johnson*, 188 F.3d 250, 254 n.8 (5th Cir. 1999). The claims must be presented in a procedural context in which the state courts necessarily review the claims on the merits. *Loynachan v. Davis*, 766 F. App'x 156, 2019 WL 1511002 (5th Cir. Apr. 5, 2019), *citing Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). Where the petitioner fails to exhaust state remedies, the federal district court may dismiss the petition without prejudice. *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Mercadel v. Cain*, 179 F.3d 271, 274 (5th Cir.1999) (*per curiam*). This is because as a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275, (1971).

Petitioner here did not file a petition for discretionary review and his state habeas petition was not adjudicated on the merits but was dismissed because his direct appeal was still pending at the time his state habeas petition was filed. In Texas, all claims must be presented to

4

and ruled on by the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985); *Tipton v. Thaler*, 354 F. App'x 138, 140 n.1 (5th Cir. 2009). Here, the Texas Court of Criminal Appeals has not had the opportunity to consider his claims and issue a decision on the merits; thus, the petition should be dismissed without prejudice for failure to exhaust. Petitioner may refile his federal petition once he has exhausted his claims in state court.

## Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 580 U.S. 100, 115 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA") from a circuit justice or judge. *Id.* Although Petitioner has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis"

5

and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 580 U.S. at 115 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

In this case, reasonable jurists could not debate the denial of Petitioner's § 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability as to any of his claims.

## Recommendation

It is recommended that Petitioner's petition for a writ of habeas corpus be dismissed without prejudice for failure to exhaust state habeas corpus remedies. A certificate of appealability should be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute*

*on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 21st day of November, 2023.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE